# William Goodwin, Plff. in Err., *v.* David Slusher.

Under the rules regulating the court of common pleas of Greene county, in appeals from justices' judgments, when the cause is called for trial, if the appellant does not appear the court may enter judgment for the same amount as that given by the justice, with interest.

If the appellant's case is put on the issue docket without a formal plea, he may have it stricken off on the first call of the list; if he neglects to do so, he will be concluded by §7 of such rules, which provides that neither party shall afterwards object to the want of a formal plea as a ground for continuance.

(Argued October 6, 1886. Decided October 18, 1886.)

October Term, 1886, No. 185, W. D. Error to the Common Pleas of Greene County to review a judgment dismissing a rule to show cause why a judgment should not be opened. Affirmed.

This action was commenced before a justice of the peace by David Slusher in right of his wife against William Goodwin, on an account for boarding. Defendant refusing to produce evidence before the justice, judgment was rendered in favor of the plaintiff July 22, 1882, for $202.50.

Goodwin appealed from this judgment in October, 1882. The appeal was entered and the prothonotary put it on the issue docket. The cause was on the trial list for April term, 1884. No appearance was made on the part of Goodwin and no plea put in by him. When the cause was reached the court gave judgment for the plaintiff for the amount given by the justice. Thereafter on October 25, 1885, Goodwin presented the following petition:

"The petition of William Goodwin, of Jefferson township, Greene county, Pennsylvania, respectfully represents: that David Slusher, in right of Elizabeth Slusher, his wife, brought suit against your petitioner before J. B. Johnson, Esq., who gave judgment for the plaintiff in the sum of $202.50, from which your petitioner took an appeal, which was entered to No. 117, October term, 1882, and the case was placed upon the trial list of April term, 1884.

"Your petitioner would further represent that William Kincaid, Esq., agreed to attend to the matter for your petitioner, and promised to give him notice when the case came on for trial, which he failed to do; and your petitioner never knew anything more in reference to the case until he was informed a few days ago that judgment had been entered on the 16th of April, 1884, for the same amount as given before the justice, $202.50, with interest thereon under rule of court.

"Your petitioner would further represent that he has a just and full defense for the whole of the plaintiff's claim in this case, and that upon a just settlement of these accounts the plaintiff is indebted to him in the sum of about $100. Your petitioner would therefore pray Your Honors to grant a rule to show cause why the said judgment No. 117, October term, 1882, should not be opened, and he let in to a defense upon the merits of the case. And he will ever pray etc."

The court granted the rule to show cause, and on the hearing thereof made a decree discharging the rule; and Goodwin took this writ, assigning as error the action of the court: 1. In entering judgment for the plaintiff against the defendant under rule 5, § 3, common pleas rules; and in not striking the cause off the list for April term, 1884, second week (*viz.:* April 16, 1884), when the list was first called over, as required by § 7 of rule 38, for want of being at issue, there being no plea in, and the trial calendar showing the fact, and there being no appear-

ance for the appellant, and the trial calendar showing the fact. 2. In entering judgment for the plaintiff against the defendant, as follows: "And now, April 16, 1884, judgment for plaintiff for same amount as that given by the justice, with interest under rule of court," because there was no plea entered by the prothonotary in the case, as required by the rules of court, and because there was no appearance for the defendant, and because the cause was not regularly upon the issue docket, nor regularly upon the trial list for April term, 1884, second week, and because the case was not at issue, nor substantially at issue by any pleadings whatsoever in said cause as to entitle it to go upon the trial list by the order or direction of the court for making out the trial list for April term, 1884, second week. 3. In discharging the rule to show cause why the judgment should not be opened and the defendant let into a defense. 4. In not opening the judgment and letting the defendant into a defense, according to the prayer of his petition. 5. In entering the judgment of the 16th of April, 1884, because the court had no jurisdiction or power over the cause to enter said judgment as the case stood upon the docket, and no power to enter said judgment.

*Purman & Ross,* for plaintiff in error.—The rule to regulate the practice of the court of common pleas in the 14th judicial district, to which Greene county is attached, in appeal cases, is in the following words:

### Rule 5.

Sec. 1. In appeals from the judgments of justices of the peace, no declaration shall be required, but the prothonotary shall enter a plea of *nil debet* to the transcript, and put the cause upon the issue docket; and on the trial the merits on both sides shall be heard without regard to the form of action.

Sec. 1. In appeals from the judgments of justices of the calendar months from the first day of the term to which the appeal is entered, the prothonotary, on precipe filed, shall enter judgment for the appellant. Provided, that the appellee has been served at least ten days before the expiration of said period with a rule requiring him to appear.

Sec. 3. When the cause is called for trial, if the appellant does not appear, the court will, on motion of the opposite party, enter judgment for the same amount as that given by the justice, with interest.

The rule in relation to the issue docket and trials and trial lists, so far as the same has any bearing on this case, is in the following words:

### Rule 38, Trials.

Sec. 1. An issue docket shall be kept, in which the prothonotary shall enter each cause as soon as a plea forming an issue of fact is put in. If an issue be formed, substantially, by the pleadings, the cause shall be considered at issue, without a formal joinder which may be entered by the prothonotary, or supplied, if desired, at any time.

Sec. 2. The trial list shall consist of as many causes as the court shall from time to time direct, copied in regular order from the issue docket, giving precedence, however, to feigned issues involving the distribution of money, and under the sheriffs' interpleader act, which as soon as framed shall go at the head of the list for next term.

Sec. 3. At least six weeks before the commencement of each term the prothonotary shall make out the trial list, and cause the same to be publicly posted in his office, and the list thus made out shall be sufficient notice of trial.

Sec. 7. If a cause is not struck off the list for want of an issue, when the list is first called over, neither party shall afterwards object to the want of a formal issue as a ground for continuance; but the court will enter the general issue on the record, and the cause shall proceed to trial on such issue, with leave to add any other plea on the trial which justice may require.

In Union county the rules required two consecutive rules to plead to be taken to entitle the plaintiff to enter judgment by default, and the plaintiff took judgment by default on one rule; but this court reversed the judgment and awarded a *procedendo*. Green v. Hallowell, 9 Pa. 53.

In the common pleas of Philadelphia county the plaintiff took a rule on the defendant to plead, but the rule was not entered upon the docket, and the plaintiff took judgment for want of a plea, but this court reversed the judgment and awarded a *procedendo*. Bisbing v. Albertson, 6 Watts & S. 450.

And in Consumers Coal Co. v. Hutchison, 11 Luzerne Legal Reg. 84, it is held that "A default not taken in accordance with the rules of court will be stricken off."

And in Grasser v. Eckart, 1 Binn. 575, it is held that a "judgment may be arrested for an objection on the face of the record, though it was not assigned at the time of filing the motion or of entering an appeal."

And where a judgment is entered against a party not served, the court will reverse the judgment as to him.   Jamieson v. Pomeroy, 9 Pa. 230.

In the case under consideration the palpable error in the court below in giving judgment for the plaintiff under § 3 of rule 5, was no doubt attributable to inadvertence, as in Gannon v. Fritz, 79 Pa. 307; and this court will no doubt reverse this case, as it did Gannon v. Fritz, although the court below has the undoubted right to enforce the rules for the government of their practice, and to construe them; and when their discretion is sound their construction is conclusive, as said in Dailey v. Green, 15 Pa. 118–128.

And the length of time between the entry of this judgment and the application to open is no bar to the proceeding.   Breden v. Gilliland, 67 Pa. 34.

A. F. Silvens, for defendant in error.—The plea in appeal cases is a mere formality and is entered as of course.   The court did not err in refusing to open the judgment.   Henry v. Brothers, 48 Pa. 71; Catlin v. Robinson, 2 Watts, 379; McClelland v. Pomeroy, 75 Pa. 412.

Opening a judgment rests in discretion and cannot be reviewed.   Babcock v. Day, 104 Pa. 4; Peoples' F. Ins. Co. v. Hartshorne, 84 Pa. 455.

Nor did the court err in entering the judgment.   Richards v. Nixon, 20 Pa. 25.

Whatever injury there may be is the result of plaintiff in error's own negligence.   Chase v. Hubbard, 99 Pa. 226; Hoskinson v. Eliot, 62 Pa. 393; Cochran v. Eldridge, 49 Pa. 370; Breden v. Gilliland, 67 Pa. 34.

Per Curiam:

Section 7 of the court rules of Greene county, leaves the complaint of the plaintiff in error without a shadow of merit.   If the appellant's case was put on the issue docket without a formal plea, he might have had it stricken off on the first call of the list, but neglecting so to do he was concluded by the terms of the rule above stated.

The judgment is affirmed.